LAW OFFICE OF J. BLACKNELL
JOVAN BLACKNELL,  (CA BAR #237162)
200 Corporate Pointe, Suite 495
Culver City, California, 90230
Phone: 310.469.9117; Fax: 310.388.3765
Email:  jovan@fight4justice.com URL: www.fight4justice.com

ERICK VICTOR MUNOZ
Attorney at Law (CA BAR #235967)
510 W. 6th Street, suite 200
Los Angeles, CA 90014

Attorney for Plaintiff,
MICHELLE SANCHEZ

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE SANCHEZ,<br><br>**Plaintiff**,<br><br>vs.<br><br>LOS ANGELES COUNTY; LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES; ACTING DIRECTOR BRANDON T. NICHOLS; ALLANA DARTER; MOSES EDUN; NORA SALINAS; MORGAN GRAYS; DOES 1 through 10, inclusive.<br><br>**Defendants.** | **COMPLAINT FOR DAMAGES**<br><br>(1) Violation of Federal Civil Rights (§1983) – Parental Rights & Familial Association<br>(2) Violation of Federal Civil Rights (§1983) – Defamation & Stigmatization of Reputation<br>(3) Violation of Federal Civil Rights (§1983) – Freedom from Adverse Government Action Based on Knowingly Fabricated Evidence<br>(4) Common Law Defamation<br>(5) Intentional Infliction of Emotional Distress<br>(6) Negligent Infliction of Emotional Distress<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

1

Plaintiff, MICHELLE SANCHEZ, alleges on information and belief as follows:

## INTRODUCTION

Michelle Sanchez is the mother of four children including an infant son, Ethan. A mother's worst fear became her worst nightmare when the broken femur of her newborn baby was falsely attributed to her. Michelle left her perfectly healthy newborn in care of a pre-school and proceeded with a normal day. When she picked up Ethan from the school he was crying uncontrollably but school staff told her Ethan was fine but for the crying. Ethan cried the entire trip home, so when they arrived Michelle inspected his body and found his leg horribly swollen—she took him to the Emergency Room. When told by hospital staff how severe Ethan's injuries were, she called the Police for help from the Emergency Room.

Due to the nature of Ethan's injuries and his age, representatives of the Los Angeles County Department of Children and Family Services (DCFS) responded to the hospital. Rather than meaningfully consider the true version of events—that Ethan was healthy in the morning but was badly hurt when Michelle picked him up from daycare—DCFS representatives presumed that Michelle was culpable for Ethan's injury, and its investigation only sought to prove that theory. No evidence or individual ever pointed to Michelle as responsible for the harm to her son. Yet despite Michelle's unblemished history and reputation as a mother, within 36 hours of responding to the hospital, DCFS submitted condemning reports accusing Michelle as an abuser, and questioning Michelle's fitness as a mother to all of her children. DCFS disregarded the overwhelming number of positive reports about Michelle's parental abilities and tendencies as well as witness statements that corroborated Michelle's version of events. To ensure the condemning effect of these reports, DCFS representatives even reported outright falsehoods to the Court, stating that video footage confirmed that Ethan was not hurt at

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

2

daycare. To date, no surveillance footage has ever been produced. Nonetheless, the condemning effect of this persuasive lie had a lasting and concrete effect on Michelle's life: the misrepresentations contained in DCFS reports resulted in Michelle being separated from her four children and thrown into the Dependency System under a cloud of suspicion that she viciously abused her own newborn.

In the months that followed, as Michelle endured extreme stress, embarrassment, depression, and fear for the future of her family, DCFS continued its attempts to ensure that Michelle would remain separated from her children. Investigators harassed, degraded, and threatened Michelle during interviews, all with knowledge of Michelle's extremely vulnerable state. DCFS submitted numerous reports that, without investigation, merely agreed with the first baseless accusations against Michelle. Although its accusations had cost Michelle the most precious component of her life, DCFS never made any efforts to determine how Ethan was actually injured or rectify the falsehoods that led to her family being split apart. No meaningful efforts were ever made to obtain the dispositive surveillance footage, or to clarify the court's false impression that such footage exists. After months of agony, anxiety, and costs incurred through fighting the accusations, Michelle was cleared of suspicion and reunified with her children on the basis that the accusations against her were unverified. While the family is again together, the costs and lasting effects of this extended traumatic experience have been immense on each member of the family. Michelle therefore comes before this honorable court seeking damages for injustice she suffered at the hands of a government entity charged with protecting her and her family.

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

3

## PARTIES

1. At all relevant times mentioned in this Complaint, Plaintiff was a resident of Los Angeles County, California. Plaintiff MICHELLE SANCHEZ (hereinafter, "Michelle" or "Ms. Sanchez") is the mother of Ethan W. (DOB 5/18/17), Elijah S. (DOB 7/5/2011), Emia D. (DOB 11/06/2003), and Emily S. (DOB 6/18/2001).

2. DEFENDANT LOS ANGELES COUNTY (hereinafter, "COUNTY") was at all times relevant herein, and is, a public entity duly organized and existing under and by virtue of the laws of the State of California.

3. DEFENDANT DEPARTMENT OF CHILDREN AND FAMILY SERVICES (hereinafter, "DCFS") is a government organization established and existing by and through the laws of Los Angeles County and the State of California. DCFS administers laws and programs governing family interaction in Los Angeles County including but not limited to abuse and neglect investigations, removal, family reunification services, welfare assessments, and adoption and placement of children.

4. DEFENDANT DCFS is responsible for assessing threats to the safety of children in its jurisdiction that are brought to its attention, and is required to exercise due care in interacting with all families and children subject to its jurisdiction.

5. DEFENDANT LOS ANGELES COUNTY and DCFS (hereinafter, together, "COUNTY DEFENDANTS") are responsible for the funding, staffing, and direction of DCFS; for the hiring, retention, training, and supervision of DCFS employees; for the observation of rights of persons subject to DCFS jurisdiction; and the safety and well being of children subject to its jurisdiction.

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

4

6.  At all times applicable herein, ACTING DIRECTOR BRANDON T. NICHOLS (hereinafter "DEFENDANT DIRECTOR NICHOLS" or "NICHOLS") was an individual residing, on information and belief, in the County of Los Angeles, and an agent and employee of COUNTY DEFENDANTS. DEFENDANT NICHOLS is sued herein both in his individual capacity and in his official capacity as an agent of COUNTY DEFENDANTS.

7.  At all times applicable herein, DEFENDANT CHILDREN'S SOCIAL WORKER MOSES EDUN (hereinafter "SOCIAL WORKER EDUN" or "EDUN") was an individual residing, on information and belief, in the County of Los Angeles, and was an agent, employee, or representative of COUNTY DEFENDANTS. DEFENDANT EDUN is sued herein both in his individual capacity and in his official capacity as an agent of COUNTY DEFENDANTS.

8.  At all times applicable herein, DEFENDANT CHILDREN'S SOCIAL WORKER NORA SALINAS (hereinafter also "DEFENDANT SALINAS" or "SALINAS") was an individual residing, on information and belief, in the County of Los Angeles, and an agent or employee of COUNTY DEFENDANTS. DEFENDANT SALINAS is sued herein both in her individual capacity and in her official capacity as an agent of COUNTY DEFENDANTS.

9.  At all times applicable herein, DEFENDANT INVESTIGATOR MORGAN GRAYS (hereinafter "DEFENDANT GRAYS" or "GRAYS") was an individual residing, on information and belief, in the County of Los Angeles, and an agent of employee of COUNTY DEFENDANTS. DEFENDANT GRAYS is sued herein both in her individual capacity and in her official capacity as an agent of COUNTY DEFENDANTS.

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

5

10. At all times applicable herein, DEFENDANT SUPERVISING CHILDREN'S SOCIAL WORKER ALLANA DARTER (hereinafter "DEFENDANT DARTER" or "DARTER") was an individual residing, on information and belief, in the County of Los Angeles, and an agent of employee of COUNTY DEFENDANTS. DEFENDANT GRAYS is sued herein both in her individual capacity and in her official capacity as an agent of COUNTY DEFENDANTS.

11. Hereinafter, DEFENDANTS NICHOLS, DARTER, EDUN, SALINAS, AND GRAYS, shall be collectively referred to as "SOCIAL WORKER DEFENDANTS."

12. PLAINTIFF is ignorant of the true names and capacities of those Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues them by such fictitious names. Ms. Sanchez will amend this Complaint to show the true names and capacities of said DOE Defendants when the same are ascertained. PLAINTIFF is informed and believes, and thereon alleges, that each of the fictitiously named Defendants was in some manner liable and legally responsible, in that their conduct caused the damages and injuries set forth herein.

13. PLAINTIFF is informed and believes and, based upon such information and belief, alleges that each of the above named parties was and is an agent, employee, principal, or employer of each of the remaining defendants and vice/versa. In addition, PLAINTIFF is informed and believes and on such basis alleges that the defendants named hereinabove, and each of them, are responsible in some manner for the occurrences herein alleged, and that each of the above named defendants conspired with, and/or aided and/or abetted each of the remaining defendants in committing the acts herein alleged.

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

6

14. PLAINTIFF is informed and believes and on such basis alleges that at all relevant times, DEFENDANTS, and each of them, were the knowing agents and/or alter egos of one another and that Defendants directed, ratified, and/or approved the conduct of each of the other Defendants, and each of their agents or employees, and are therefore vicariously liable for the acts and omissions of their co-defendants, their agents and employees, and more fully alleged herein. Furthermore, all of the Defendants agreed upon, approved, ratified, and conspired to commit all of the acts and/or omissions alleged in this complaint.

## JURISDICTION

15. PLAINTIFF MICHELLE SANCHEZ brings the instant action pursuant to 42 U.S.C. Section 1983 to redress the conduct by DEFENDANTS, who, at all times relevant herein, acted under color of state law, and thereby deprived Ms. Sanchez of her rights secured under the United States Constitution, including the First, Fourth, Fifth, and Fourteenth Amendments, as well as under federal and state law.

16. This court has subject matter jurisdiction over the instant action pursuant to 28 U.S.C. sections 1343(a)(3) and 1343(a)(4) because PLAINTIFF's claims under 42 U.S.C. section 1983 present questions arising under the laws, treaties, and Constitution of the United States, such that these questions can only decided by a competent federal court. This court has supplemental jurisdiction pursuant to 28 U.S.C. section 1367 over those claims that do not arise under the laws, treaties, and Constitution of the United States because those claims arise from the same occurrence that gave rise to the governing federal questions.

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

7

17. This court has personal jurisdiction over DEFENDANT COUNTY because DEFENDANT COUNTY is a public entity existing in the Central District of California.

18. This court has personal jurisdiction over DEFENDANT DCFS because DEFENDANT DCFS is a government organization existing and operating solely in the Central District of California.

19. This court has personal jurisdiction over SOCIAL WORKER DEFENDANTS, and each of them, because, on information and belief, SOCIAL WORKER DEFENDANTS are each domiciled in the Central District of California.

## **VENUE**

20. Venue is proper as to COUNTY DEFENDANTS because the court is located within Los Angeles County, COUNTY DEFENDANTS' jurisdiction aligns with that of the court, and all of COUNTY DEFENDANTS' activities take place in Los Angeles County.

21. Venue is proper as to SOCIAL WORKER DEFENDANTS because, on information and belief, SOCIAL WORKER DEFENDANTS reside in the Central District of California and this court has jurisdiction over SOCIAL WORKER DEFENDANTS; SOCIAL WORKER DEFENDANTS were the knowing agents or representatives of COUNTY DEFENDANTS; the events at issue occurred in the Central District of California; and Plaintiff is a resident of the Central District of California.

22. Plaintiff alleges on information and belief that DOES 1 through 10, inclusive, are also residents of the Central District of California and that the Court has jurisdiction over those defendants, rendering venue proper as to those parties as well.

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

8

**COMMON ALLEGATIONS**

23. Michelle lives with her four children and has had primary custody each child since they were born.

24.  Michelle's fitness as a mother had never been called into question prior to this investigation.

25. Michelle has never faced accusations, much less intervention, by DCFS regarding her parental abilities or her children's well being.

26. On the morning of September 7, 2017, Michelle took 3 month-old Ethan to his regular daycare at Ivie League Christian Preschool (hereinafter "Preschool").

27. On the evening of September 7, 2017, when Michelle picked Ethan up from Preschool, he was crying uncontrollably.

28. Soon after, Michelle discovered that Ethan had a visibly swollen leg, and immediately transported him to California Hospital for medical attention.

29. At California Hospital, it was determined that Ethan suffered from a broken left femur.

30. Ethan was transported to Children's Hospital Los Angeles (hereinafter, "CHLA") for further treatment.

31. DEFENDANT EDUN responded to CHLA in the afternoon of September 8, 2017 to investigate the circumstances of Ethan's injury.

32. In the course of his investigation, **no person** ever told DEFENDANT EDUN that Michelle posed a danger to her children or that she was a reckless or otherwise unfit parent.

33. No person ever told DEFENDANT EDUN that they observed Michelle undertake any act that could cause Ethan to sustain a fractured femur.

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

9

34. Around 1:00 A.M. on Sunday, September 9, 2017, DEFENDANT EDUN called and awoke Michelle as she slept on a hospital couch next to her infant son and ordered her to leave the hospital.

35. Michelle was not afforded an explanation as to why she needed to leave her infant son alone in the hospital in the middle of the night.

36. In this midnight phone call to Michelle in the hospital, DEFENDANT EDUN also told Michelle that her remaining children were being taken from her custody, and that she would not know the fate of the family until a court hearing four days later.

37. DEFENDANT EDUN produced a detention report regarding Michelle and her children, which was submitted to the court for the September 12, 2017 detention hearing.

38. In his report, DEFENDANT EDUN knowingly related substantial false, unfounded, disparaging regarding Michelle's fitness as a mother.

    a. Although neither DEFENDANT EDUN or any other representative of COUNTY or law enforcement had ever viewed a surveillance tape from Preschool, and Preschool represented that they had no such tape, DEFENDANT EDUN stated that Preschool submitted a tape to confirm that Ethan was not hurt in its custody.

    b. Although EDUN was aware that Ethan was in the custody of Preschool for significant periods of time, EDUN represented that Michelle had exclusive care and control of Ethan at the time he was injured.

    c. No person suggested that Michelle ever posed a harm to any of her children, yet EDUN reported that Michelle places Ethan, as well as her other three children, "at risk of serious physical harm, damage, and danger."

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

10

39. DEFENDANT EDUN's investigation lasted less than 12 hours before he submitted this report recommending that Michelle be deprived of the custody of her children.

40. DEFENDANT SALINAS submitted an addendum report that was also relied upon by the court at the detention hearing.

41. Without conducting any independent investigation, DEFENDANT SALINAS adopted DEFENDANT EDUN's findings in full and recommended further sanctions against Michelle.

42. DEFENDANT SALINAS falsely stated that Ethan also sustained a "spiral fracture" to his elbow, in addition to his broken femur.

43. Ethan did not sustain a spiral fracture or any other injury to either arm.

44. At the detention hearing, the court relied on DEFENDANTS EDUN and SALINAS' reports, and based thereon, entered an order removing all four of Michelle's children from her custody.

45. DEFENDANT DARTER ratified the reports of DEFENDANTS EDUN and SALINAS.

46. DEFENDANT DARTER ratified the reports of DEFENDANTS EDUN and SALINAS without taking any steps to corroborate the allegations or ensure that due diligence was exercised in the investigation.

47. DEFENDANT NICHOLS ratified the reports of DEFENDANTS EDUN and SALINAS.

48. DEFENDANT NICHOLS ratified the conduct of DEFENDANTS EDUN, SALINAS, and DARTER by failing to institute checks and balances within DCFS such that DEFENDANTS EDUN, SALINAS, AND DARTER could unilaterally condemn and take action against Michelle without corroboration of the truth of the allegations.

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

11

49. On information and belief, Plaintiff alleges that SOCIAL WORKER DEFENDANTS knew that the court would rely on its false reports, and intended to induce such reliance.

50. SOCIAL WORKER DEFENDANTS, and all of them, knew, or should have known upon the exercise of minimal professional diligence, that the allegations against Ms. Sanchez were not supported by evidence.

51. Following the removal of Michelle's children from her custody, DEFENDANT INVESTIGATOR GRAYS initiated contact with Michelle.

52. Over the course of several months and multiple contacts, DEFENDANT GRAYS intentionally degraded, belittled, and slandered Michelle.

53. DEFENDANT GRAYS engaged in personal attacks against Michelle, and intentionally degraded and belittled her in her own home, where she was vulnerable and powerless.

54. On February 21, 2018, the WIC §300 petition against Michelle was dismissed, and she was again unified with her children.

55. As a result of the aforementioned conduct, Michelle was deprived of the love and association of her children for over five months. During that time, Michelle was the subject of ridicule, embarrassment, anxiety, fear, shame, and powerlessness. Each member of the family has been permanently affected by DEFENDANTS' irresponsible, unfounded, traumatic intrusion into their lives.

56. Michelle alleges that SOCIAL WORKER DEFENDANTS, and COUNTY DEFENDANTS through their agents and representatives, intentionally discriminated against Michelle for an impermissible reason with the goal of permanently separating her from her children.

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

12

## FIRST CAUSE OF ACTION – VIOLATION OF CIVIL RIGHTS

### (42 U.S.C. §1983, United States Constitution Amendment XIV – PARENTAL

### RIGHTS & FAMILIAL ASSOCIATION)

**By Plaintiff Michelle Sanchez, individually and as representative of minor Ethan W.**

**Against ALL DEFENDANTS**

57. Plaintiff realleges, and incorporates herein as if set forth in full, paragraphs 1 through 56 above.

58. Michelle is an individual and citizen of the United States, rendering her protected by 42 U.S.C. 1983.

59. In undertaking the aforementioned conduct, DEFENDANTS, and each of them, acted under color of law, and thereby took such actions amounting to intentional and malicious interference with Ms. Sanchez' parental rights and rights of familial association guaranteed under the United States Constitution.

60. At all times relevant herein, Michelle had, and has, a right, secured by the laws and Constitution of the United States, and made applicable to the State of California through the Fourteenth Amendment, to raise her children autonomously without unwarranted government intrusion. This guarantee includes the right to family integrity and privacy, as well as Michelle's fundamental parental right to make decisions concerning the care, custody, and control of her children.

61. DEFENDANTS had a duty and obligation, as representatives of a public agency, to conduct themselves in a manner that did not violate Michelle's rights under the United States Constitution.

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

13

62. As representatives of a public agency that is charged with protecting families and children, DEFENDANTS acted with knowledge that their actions commonly implicate substantial constitutional rights of the parties with whom they interact.

63. On information and belief, Ms. Sanchez alleges that DEFENDANTS, and each of them, deprived her of her constitutional rights through wrongful and intentional actions and/or failures to act, as described above, and abused their authority to conduct legitimate investigations of child abuse, reflecting a deliberate indifference to Plaintiff's rights, through conduct including but not limited to the following: ordering Michelle to leave her infant son alone in the hospital in the middle of the night; ordering Michelle's other children to be taken from her custody despite unanimous statements among family members that deny any suggestion of abuse; harassing and degrading Michelle through cruel, abusive, and unnecessarily intrusive questioning directed to her and members of her family throughout the period that Michelle was separated from her children.

64. The aforementioned actions, and other such actions taken by DEFENDANTS against PLAINTIFF were all done in a manner that violated PLAINTIFF's constitutional liberty interests, and caused an unraveling of family bonds; undermined Michelle's parental authority; failed to act in the best interest of the children; failed to respect family integrity; and created anxiety and uncertainty in the entire family.

65. DEFENDANTS, and each of them, acted intentionally and with a willful and conscious disregard of, and callous indifference to, Michelle's rights when they engaged in the conduct that caused her to suffer damage. Michelle further alleges that DEFENDANTS EDUN, SALINAS, AND GRAYS conduct was malicious and oppressive, and committed in bad faith based on an illegitimate motivation.

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

14

66. DEFENDANTS EDUN, SALINAS, and GRAYS did nothing to remedy the false accusations that they caused to be submitted against PLAINTIFF, evincing their malicious intent to punish PLAINTIFF for improper reasons.

67. DEFENDANTS' conduct was the legal cause of Michelle's injuries because it was foreseeable that she would suffer serious harm if DEFENDANTS' failed to exercise due care in engaging in an haphazard investigation involving serious allegations against Michelle.

68. Each DEFENDANT's deliberate, malicious, and wrongful conduct was a substantial factor causing the injuries to PLAINTIFF: but for each DEFENDANT's respective conduct that facilitated the ongoing deprivation of PLAINTIFF's rights, PLAINTIFF would not have suffered damage, or, at minimum, her harms would have been mitigated.

69. The conduct of DEFENDANTS, and each of them, has caused Michelle to suffer damages in an amount to be proven at trial. In addition, Michelle has incurred costs and expenses, and may incur outside attorneys fees, including those authorized by 42 U.S.C. section 1988, to an extent and in an amount subject to proof at trial. DEFENDANTS' wrongful conduct, as alleged herein, was intentional, done with malice, and/or with callous indifference to the PLAINTIFF's rights and the harm that she would suffer if such rights were violated. As a result, PLAINTIFF is entitled to recover punitive damages from DEFENDANT COUNTY on behalf of its representatives, DEFENDANTS EDUN, SALINAS, and GRAYS, in an amount commensurate with the nature of their wrongful acts and the amount of their resources.

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

15

70. **No Immunities**: Because this complaint on its face suggests that DEFENDANTS may be immunized, PLAINTIFF further alleges, on information and belief, that DEFENDANTS' conduct, acts, and failures to act are not immunized because:

a. State statutory immunities are inapplicable to violations of federal constitutional rights;

b. Absolute immunity is not applicable because (i) DEFENDANTS were not engaged in functions subject to common law immunities in 1871 when Congress enacted 42 U.S.C. 1983, (ii) government child protective workers did not exist in 1871 and their functional counterparts were not protected by common law immunities. See Hoffman v. Harris, 511 U.S. 1060 (1994).

c. Qualified immunity is unavailable because DEFENDANTS violated PLAINTIFF's rights that were clearly protected by the federal constitution and clearly defined statute and holdings of the United States Supreme Court, federal Courts of Appeal, and California courts. As such, DEFENDANTS, and each of them, were on notice that their conduct violated PLAINTIFF's constitutional rights. Specifically, DEFENDANTS' conduct is proscribed by California Government Code section 820.21, which denies immunity for perjury, fabrication of evidence, failure to disclose known exculpatory evidence, and obtaining testimony by duress, fraud, or undue influence;

d. Neither absolute nor qualified immunity applies to actions for declaratory or injunctive relief; and

e. No immunities are applicable to COUNTY and DCFS because they are governmental agencies.

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

**SECOND CAUSE OF ACTION – VIOLATION OF CIVIL RIGHTS**

**(42 U.S.C. §1983, United States Constitution Amendment XIV – FREEDOM FROM**

**ADVERSE GOVERNMENT ACTION ON THE BASIS OF DELIBERATELY**

**FABRICATED EVIDENCE)**

**By Plaintiff Michelle Sanchez, individually and as representative of minor Ethan W.**

**Against ALL DEFENDANTS**

71. PLAINTIFF realleges, and reincorporates as if set forth fully herein, paragraphs 1
   through 70, above.

72. At all times relevant herein, Michelle had, and has, a clearly established right, secured by
   the laws and Constitution of the United States, and made applicable to the State of
   California through the Fourteenth Amendment, to be free from adverse government
   action on the basis of deliberately fabricated, or knowingly false, evidence. *See*
   *Devereaux v. Abbey, 263 F.3d 1070 (2001).*

73. DEFENDANTS, and each of them, acted under color of state law when committing the
   acts alleged herein.

74. On information and belief, Ms. Sanchez alleges that DEFENDANTS, and each of them,
   deprived her of her constitutional rights through wrongful and intentional actions and/or
   failures to act, as described above, and caused Michelle to be subjected to a prolonged
   deprivation of her rights, reflecting a deliberate indifference to Plaintiff's rights, through
   conduct including but not limited to the following: intentionally making false allegations
   against Michelle and representing those allegations to be supported by evidence; failing
   to exercise due diligence in investigating the allegations; deliberately inducing reliance

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

17

on its unfounded reports and thereby deliberately deceiving the court; and continuing efforts to ensure that Michelle would not be reunified with her children.

75. PLAINTIFF alleges, on information and belief, that each DEFENDANT, and DOES 1 through 10, in some way colluded and conspired with other DEFENDANTS to effectuate the adverse actions against PLAINTIFF on the basis of deliberately fabricated evidence.

76. COUNTY DEFENDANTS are liable for the acts and omissions of SOCIAL WORKER DEFENDANTS through the doctrine of *respondeat superior*.

77. As a direct and proximate result of the conduct of DEFENDANTS, and each of them, Michelle and her family suffered severe and permanent mental and emotional injuries, and will require treatment from therapists, counselors, and other medical professionals to restore the family's cohesion and sense of security and stability.

78. Plaintiff is informed and believes that SOCIAL WORKER DEFENDANTS, and DOES 1 through 50, inclusive, acted knowingly and willfully, with malice and oppression and with the intent to harm Plaintiff. Therefore, Plaintiff is entitled to an award of punitive damages for the purpose of punishing COUNTY DEFENDANTS, SOCIAL WORKER DEFENDANTS, and DOES 1 through 50, inclusive, and to deter them and others from such conduct in the future.

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

18

## THIRD CAUSE OF ACTION – VIOLATION OF CIVIL RIGHTS

## (42 U.S.C. §1983, United States Constitution Amendment XIV – DEFAMATION AND

## STIGMATIZATION OF REPUTATION

79. PLAINTIFF reincorporates, and realleges as if set forth fully herein, paragraphs 1
through 78, above.

80. Plaintiff has a clearly established liberty interest subject to due process in her "good
name, reputation, honor, or integrity" and the right to enjoy the same free of defamation
and stigma from governmental action, plus, in addition to, or when coupled with, a
governmental action that alters, extinguishes, or imposes a tangible burden on a statutory
or constitutional right of PLAINTIFF. *See Wisconsin v. Constantineau, 400 U.S. 433
(1971)*.

81. DEFENDANTS, and each of them, acted under color of state law when committing the
acts alleged herein.

82. DEFENDANTS had a duty to conduct themselves in a manner that confirms, provides
for, and does not violate the protections guaranteed to PLAINTIFF under the United
States Constitution, including but not limited to PLAINTIFF's right to a reputation that
has not been defamed or stigmatized by government action that additionally results in the
alteration, extinguishment, or imposition of a tangible burden directly affecting Plaintiff's
rights.

83. On information and belief, PLAINTIFF alleges that DEFENDANTS, and each of them,
deprived PLAINTIFF of her constitutional rights through wrongful and intentional
actions and/or failures to act, reflecting a deliberate indifference to PLAINTIFF's right to

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

19

her reputation free of unfounded defamation and stigmatization, through conduct including but not limited to:

    a.  Wrongfully stigmatizing Michelle as a child abuser, both to government representatives and members of the community, thereby creating a tangible burden on Michelle to rectify her reputation;

    b.  DEFENDANT GRAYS conduct of disseminating confidential information, which was obtained in her official capacity, to Reggie Williams, Ethan's father, for the purpose of assisting and encouraging him to obtain full custody of Ethan, thereby creating a tangible burden on Michelle to overcome a potential custody action by the father, as well as to rectify her reputation to the father, the court, her child, her family, and her peers.

    c.  Creating and effectuating the stigmatization and defamation of Michelle's character and reputation without taking remedial action to restore her good name.

84. As representatives of a public agency that is charged with protecting families and children, DEFENDANTS acted with knowledge that their actions commonly implicate substantial constitutional rights of the parties with whom they interact, including but not limited to PLAINTIFF's right to a reputation that has not been defamed or stigmatized by government action that additionally results in the alteration, extinguishment, or imposition of a tangible burden directly affecting Plaintiff's rights.

85. Each DEFENDANTS' deliberate, wrongful, and malicious conduct, described herein, was a substantial factor causing the defamation and stigmatization of Michelle's reputation. But for DEFENDANTS' conduct, Michelle would not have suffered damage.

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

86. Plaintiff is informed and believes that SOCIAL WORKER DEFENDANTS, and DOES 1 through 50, inclusive, acted knowingly and willfully, with malice and oppression and with the intent to harm Plaintiff. Therefore, Plaintiff is entitled to an award of punitive damages for the purpose of punishing COUNTY DEFENDANTS, SOCIAL WORKER DEFENDANTS, and DOES 1 through 50, inclusive, and to deter them and others from such conduct in the future.

## FOURTH CAUSE OF ACTION – DEFAMATION

**By Plaintiff Michelle Sanchez, individually and as representative of minor Ethan W.**

**Against ALL DEFENDANTS**

87. PLAINTIFF realleges, and incorporates herein as if set forth in full, paragraphs 1 through 86, above.

88. DEFENDANTS, and each of them, either personally or by and through their agents, employees, or representatives, or through express or implied ratification of the actions of their agents, employees, or representatives, caused a false, disparaging, and defamatory publication concerning PLAINTIFF to be disseminated to third parties.

89. Because this action may be construed as affecting a matter of public concern, PLAINTIFF additionally alleges that the allegations promulgated by DEFENDANTS were false, and DEFENDANTS, and each of them, in some way caused the false statements to be disseminated to third parties, despite the absence of evidence to support the statements, and with the intent that PLAINTIFF's reputation would be damaged by the statements.

90. DEFENDANTS acted intentionally and deliberately when each of them engaged in conduct that caused the publication of defamatory statements against PLAINTIFF. As to

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

21

those DEFENDANTS that ratified or authorized the conduct of the remaining

DEFENDANTS, those DEFENDANTS acted negligently with respect to their duty to

prevent harms to foreseeable plaintiffs such as Michelle Sanchez, where such harms

could be prevented through the exercise of reasonable care.

91. As a result of the aforementioned conduct of DEFENDANTS, Ms. Sanchez has sustained

damages in an amount subject to proof at trial. Because DEFENDANTS acted

intentionally in defaming Ms. Sanchez' good character, she is entitled to punitive

damages in an amount subject to proof in order to punish DEFENDANTS and to deter

them from engaging in similar conduct in the future.

**FIFTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL**

**DISTRESS**

**By Plaintiff Michelle Sanchez, individually and as representative of minor Ethan W.**

**Against ALL DEFENDANTS**

92. PLAINTIFF realleges, and incorporates herein as if set forth in full, paragraphs 1 through

91, above.

93. Plaintiff is informed and believes that COUNTY DEFENDANTS, SOCIAL WORKER

DEFENDANTS, and DOES 1 through 50, inclusive, and each of them, engaged in

extreme, outrageous, unlawful, and unprivileged conduct, including, but not limited to:

    a.  Ordering Michelle at approximately 1:00 a.m. to leave her infant son's side,

        without explanation, under color of law, and through the use of threats and

        compulsion.

    b.  Falsely reporting that Michelle was responsible for Ethan's injuries.

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

22

c.   Employing investigations tactics targeted at permanently depriving Michelle of the custody of her children rather than ascertaining the true facts regarding Ethan's injury.

d.   Intervening in the relationship and custody agreements between Michelle and Reggie Williams.

e.   Colluding to manipulate reports and evidence so as to justify their unfounded actions against Michelle.

f.   Engaging in all conduct described in this complaint with express and implied knowledge that Michelle was particularly susceptible to emotional distress while her infant son was seriously injured and in the hospital; while she faced false allegations of child abuse; and while she was without custody of her children.

94.  COUNTY DEFENDANTS, SOCIAL WORKER DEFENDANTS, and DOES 1 through 50, inclusive, participated in, conspired with, approved of and/or aided and abetted the conduct of remaining DEFENDANTS.

95.  Plaintiff is informed and believes that, COUNTY DEFENDANTS, SOCIAL WORKER DEFENDANTS, and DOES 1 through 50, inclusive, and each of them, intended to cause harm to Plaintiff, or acted with a reckless disregard of the possibility that she would suffer extreme emotional distress as a result of the conduct listed above.

96.  Because SOCIAL WORKER DEFENDANTS are employed in a capacity in which interference with citizens' constitutional rights is highly foreseeable, COUNTY DEFENDANTS are vicariously responsible for the intentional torts of SOCIAL WORKER DEFENDANTS and DOE defendants that acted as agents or employees of COUNTY DEFENDANTS at the times relevant to the instant action.

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

23

97. As the direct and proximate result of the extreme and outrageous conduct of COUNTY DEFENDANTS, SOCIAL WORKER DEFENDANTS, and DOES 1 through 50, inclusive, Plaintiff suffered extreme emotional and physical distress, including, but not limited to fright, nervousness, sleeplessness, anxiety, worry, mortification, terror, shock, humiliation, indignity to an extent and in an amount subject to proof at trial.

98. Plaintiff is informed and believes that COUNTY DEFENDANTS, SOCIAL WORKER DEFENDANTS, and DOES 1 through 50, inclusive, acted knowingly and willfully, with malice and oppression and with the intent to harm Plaintiff. Therefore, Plaintiff is entitled to an award of punitive damages for the purpose of punishing COUNTY DEFENDANTS, SOCIAL WORKER DEFENDANTS, and DOES 1 through 50, inclusive, and to deter them and others from such conduct in the future.

## SIXTH CAUSE OF ACTION – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

**By Plaintiff Michelle Sanchez, individually and as representative of minor Ethan W. Against ALL DEFENDANTS**

99. Plaintiff realleges, and incorporates herein as if set forth in full, paragraphs 1 through 98, above.

100.      COUNTY DEFENDANTS, SOCIAL WORKER DEFENDANTS, and DOES 1 through 50, inclusive, and each of them, created a foreseeable risk of harm to Michelle and her children through the aforementioned acts and omissions.

101.      Each Defendant was required by law to exercise reasonable care during the discharge of their duties and in their interaction with Plaintiff or her family, and failed to exercise such care.

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

24

102.        SOCIAL WORKER DEFENDANTS and DOES 1 through 50, inclusive, owed Plaintiff a special duty of care—in addition to the duty of ordinary care—as persons acting as representatives of an agency charged with the protection of minor children, to wit, infants.

103.        SOCIAL WORKER DEFENDANTS knew or should have known that Michelle was particularly susceptible to emotional distress because her pre-verbal infant son was grievously injured by an unknown cause, and later, because her children had been taken from her custody and she faced accusations of abuse.

104.        As representatives of an agency charged with the protection of minor children, SOCIAL WORKER DEFENDANTS were required to thoroughly review and corroborate findings that, when submitted, could result in tearing a mother from her four children.

105.        The risk of injury to Michelle and her children was foreseeable and was known to SOCIAL WORKER DEFENDANTS at all relevant times herein.

106.        SOCIAL WORKER DEFENDANTS were also aware that, because infants are pre-verbal, its premature findings against Michelle were more likely to result in severe undeserved consequences as Ethan could not rebut the allegations.

107.        SOCIAL WORKER DEFENDANTS knew that by failing to meaningfully investigate the circumstances of Ethan's injury and knowingly promoting unfounded allegations regarding Michelle's fitness as a mother, it greatly increased the likelihood that Michelle and her family would suffer emotional distress.

108.        As a result of the above-described conduct, PLAINTIFF has suffered, and continues to suffer, anxiety, shock, emotional distress, physical manifestations of

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

25

emotional distress, embarrassment, loss of self-esteem, fear for her children's safety, disgrace, humiliation, and loss of enjoyment of life and parenthood; was prevented and will continue to be prevented from obtaining the full enjoyment of life and parenthood; has sustained and will continue to sustain loss of reputation. Costs to PLAINTIFF for physical and psychological therapy for Ethan for harms stemming from this incident have yet to be determined due to Ethan's young age.

### PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants, as to all causes of action as follows:

1. Plaintiffs demand a jury trial as to the issues triable;

2. General damages and special damages according to proof;

3. Punitive damages as allowed by law;

4. Attorney fees pursuant to 42 USCS §1983, and any other appropriate statute;

5. Injunctive relief, both preliminary and permanent, as allowed by law, (including preliminary injunctive relief to be based upon a separate application);

6. Costs of suit incurred herein; and

7. Such further relief as the Court deems just and proper.

Dated: December 9, 2018

_____/S/_____            _____/S/_____
ERICK VICTOR MUNOZ              JOVAN BLACKNELL
Attorney for Plaintiff, Michelle Sanchez    Attorney for Plaintiff, Michelle Sanchez

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS